UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL VALLE MORFIN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. SALAZAR, Warden,<br><br>　　　　　Respondent. | No. 2:17-cv-01737-MCE-KJN<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the execution of sentence following his 2014 conviction for possession of methamphetamine with intent to distribute (21 U.S.C. § 841(a)(1)). He is currently serving a total sentence of seventy-eight months.

Specifically, in his petition, petitioner challenges the execution of his sentence, asserting the district court intended to run his sentence concurrent with that imposed in his state criminal conviction, allowing for the reduction of the federal sentence he is presently serving because he is entitled to credit for the period of his state custody. (ECF No. 1 at 12-16.) He seeks relief in the form of an order allowing for "credit … of the state sentence to the remainder" of his federal sentence and to "adjust the federal judgment to indicate that the state and federal sentences were

1

ran concurrently with one another." (ECF No. 1 at 15.)

II. Relevant Background[1]

In an indictment dated July 31, 2013, filed in the United States District Court for the Northern District of California, petitioner was charged with possession with intent to distribute and distribution of methamphetamine; an arrest warrant issued as a result. (21 U.S.C. § 841(a)(1).)

On November 1, 2013, petitioner was arrested by municipal police on two outstanding Santa Clara County Superior Court arrest warrants concerning probation violations, as well as the federal warrant.

While in custody at the Santa Clara County Jail, and pursuant to a petition for writ of habeas corpus *ad prosequendum*, petitioner was remanded to the custody of the United States Marshal and the federal warrant was executed; petitioner subsequently made his first appearance in the federal criminal case on November 21, 2013.

In February 2014, in Santa Clara County Superior Court case number C1109613, petitioner's probation was reinstated and modified to include forty-five days in jail with credit for forty-five days.

On March 27, 2014, petitioner pled guilty in the underlying federal criminal action, and, on June 19, 2014, was sentenced to seventy-eight months imprisonment. After sentencing, petitioner was returned to state custody and a federal detainer was lodged with the California Department of Corrections.

Shortly thereafter, petitioner was sentenced on July 17, 2014, in the second state matter, Santa Clara County Superior Court case number C1114139, to a term of three years in state prison. The state court indicated the sentence was to run concurrent to the federal term. Petitioner received 484 days of pre-sentence custody credit towards his state sentence.

On December 22, 2015, petitioner was released on parole and immediately remanded to federal custody.

---

[1] This background is derived from the J.R. Johnson declaration (ECF No. 14-2 at 1-7) and exhibits appended to respondent's answer.

Because petitioner's federal sentence was calculated without credit for the period he served in state custody, petitioner challenged the computation and employed the administrative remedies available to him in an effort to receive credit for that period spent in state custody. Petitioner's request was denied, and that denial was subsequently upheld by the Bureau of Prisons (BOP) Regional Office and BOP Central Office.

During the administrative process, petitioner filed a motion or request with the district court, seeking a nunc pro tunc order indicating that his federal sentence was to run concurrent with his state sentence. The district court issued an order on November 4, 2016, denying petitioner's motion.

On January 4, 2017, after a review by the BOP following petitioner's request for a nunc pro tunc determination pursuant to 18 U.S.C. § 3621(b), it was decided the designation would be inappropriate and petitioner's request was refused.

Thereafter, petitioner filed the instant petition with this court on August 22, 2017.

III. Legal Standard

Under 28 U.S.C. § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). While a federal prisoner challenging the validity or constitutionality of a conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of the execution of that sentence is required to bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Under § 2241, a habeas corpus petition must be brought in the judicial district of the petitioner's custodian. See id. at 865.

To receive relief under 28 U.S.C. § 2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1996) (contending time spent in state custody

should be credited toward federal custody); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991) (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir. 1990) (arguing BOP erred in determining whether petitioner could receive credit for time spent in state custody); United States v. Brown, 610 F.2d 672, 677 (9th Cir. 1980) (challenging content of inaccurate pre-sentence report used to deny parole).

IV.   Discussion

Following a review of the record, the undersigned has concluded that petitioner is not entitled to the relief he seeks as explained below.

In general, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). "A court has the discretion, however, to order that multiple terms of imprisonment run concurrently when the court is imposing multiple terms on a defendant at the same time or is sentencing a defendant already subject to an undischarged term of imprisonment." Reynolds v. Thomas, 603 F.3d 1144, 1148-49 (9th Cir. 2010), abrogated on other grounds by Setser v. United States, 566 U.S. 231 (2012). A district court also has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed. Setser v. United States, 566 U.S. at 235-36. However, "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2002) (citation omitted), abrogated on other grounds as recognized by United States v. Montes-Ruiz, 745 F.3d 1286, 1290 (9th Cir. 2014). A state court has no control over a federal sentence. United States v. Yepez, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (per curiam).

"Once the district court has discharged its sentencing function, the defendant is committed to the custody of the BOP, which has the authority to calculate the defendant's sentences in accordance with the district court's orders, as well as to designate the facility for service of such sentences." Reynolds, 603 F.3d at 1149. A federal sentence "commences on the date the defendant is received in custody" at the "official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

The BOP has the authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP has interpreted 18 U.S.C. § 3621(b) as authorizing it to designate a state prison as the facility for concurrent service of a federal sentence "when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." BOP Program Statement 5160.05 (January 16, 2003). Thus, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." Id. The BOP also may consider an inmate's request for "pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation." Id. But, the BOP has "no obligation...to grant the request by designating a state institution retroactively as the place to serve the federal sentence." Id. The Ninth Circuit has approved these procedures as being within the BOP's authority. Taylor, 284 F.3d at 1148-49.

Here, to the extent petitioner contends that the BOP was required to comply with the directive of the state sentencing court and thereby run his federal sentence concurrently with his state sentence, he is mistaken. The Ninth Circuit has clearly held that such statements by state court judges are "nothing more than recommendations to federal officials." Taylor, 284 F.3d at 1150. The BOP has discretion to ignore such statements and "to decline to make a nunc pro tunc designation of a state prison notwithstanding a state court's contrary order." Reynolds, 603 F.3d at 1151. "The BOP was under no obligation to follow the allegedly expressed wishes of the state court." Taylor, 284 F.3d at 1150.

To the extent petitioner can be understood to argue the BOP erroneously failed to credit him for time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, he also is mistaken. A review of the record reflects that petitioner was under the primary jurisdiction of the State of California prior to being transferred to temporary federal custody in November 2013 via the writ. (ECF No. 14-1 at 8-10.) See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980) ("Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration"). Petitioner subsequently was

returned to state custody. In such circumstances, the state has primary jurisdiction over the prisoner, even while he is under temporary federal custody pursuant to the writ. Thomas v. Brewer, 923 F.2d 1361, 1365-1369 (9th Cir. 1991). Petitioner is not entitled to credit toward his federal sentence for this time. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...that has not been credited against another sentence").

To the extent Petitioner argues that the BOP should have granted his request for a retroactive or nunc pro tunc designation to a state facility pursuant to 18 U.S.C. § 3621(b), his claim is foreclosed by the Ninth Circuit's decision in Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011).

A nunc pro tunc designation by the BOP retroactively designates the state facility where a prisoner served his state sentence as the place where he began serving his federal sentence, which has the effect of shortening the prisoner's federal imprisonment by treating his state and federal sentences as concurrent. See Reynolds, 603 F.3d at 1145-46. The BOP evaluates requests for nunc pro tunc designation by considering the factors set forth in 18 U.S.C. § 3621(b). Id. at 1149-50. "[S]uch a designation by the BOP is plainly and unmistakably within the BOP's discretion." Taylor, 284 F.3d at 1149. The BOP, however, has interpreted section 3621(b) to authorize it to issue a nunc pro tunc designation "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Program Statement 5160.05 at 4.

Here, the BOP reviewed petitioner's eligibility for a nunc pro tunc designation to a state facility to determine whether it was appropriate to retroactively commence running his federal sentence while he was still in state custody. As part of the review process, the BOP solicited the federal sentencing court's views. (ECF No. 14-3 at 31-32.) At about that same time, United States District Judge Edward J. Davila issued an order on November 4, 2016, denying petitioner's request for a nunc pro tunc order. (ECF No. 14-1 at 71-72.) The BOP considered the sentencing court's position (see ECF No. 14-2 at 5, ¶¶ 18-20), along with other factors enumerated in section 3621(b), and determined that a nunc pro tunc designation would not be appropriate. (ECF No. 14-3 at 39.)

This court lacks jurisdiction to review the BOP's individualized decision denying petitioner's request for a nunc pro tunc designation. In Reeb, the Ninth Circuit held that the plain language of 18 U.S.C. § 3625, which is entitled "Inapplicability of the Administrative Procedure Act," bars judicial review of any substantive "'determination, decision or order' made pursuant to 18 U.S.C. §§ 3621-3624." Reeb, 636 F.3d at 1226 (holding that district court lacked jurisdiction to review BOP's individualized residential-drug-abuse-program determination under § 3621). "To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." Id. at 1227.

The court does retain jurisdiction to determine whether the BOP's action was contrary to established federal law, violated the Constitution, or exceeded its statutory authority. See Close v. Thomas, 653 F.3d 970, 973-74 (9th Cir. 2011); Reeb, 636 F.3d at 1228.

Here, the record reflects that the BOP articulated the correct legal standards, considered appropriate criteria, and came to a determination that was consistent with the statutory requirements and with the intention of the federal sentencing court. Petitioner is not entitled to have this court second-guess the BOP's discretionary determination to deny a nunc pro tunc designation.

Further, when the federal sentencing court is silent regarding the issue of concurrent and consecutive terms, the federal sentence is run consecutive to the state sentence. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"); see United States v. Wills, 881 F.2d 823, 826 n.2 (9th Cir. 1989) (noting that under § 3584(a), a sentencing court's silence regarding the relationship of one sentence to other sentences means the sentences are to be consecutive).

Petitioner's suggestion that "Judge Jensen indicated to Mr. Bell that he intended that the federal and state sentences would be applied as concurrent sentences" (ECF No. 1 at 13) is unsupported by the record. Significantly here, as respondent points out, neither the text of the judgment nor the transcript from the sentencing proceeding reflect that the 78-month sentence imposed by the district court was to be concurrent to any other sentence. (ECF No. 14-1 at 12-17

7

& 19-50.) Again, where the sentencing court has not ordered the sentences run concurrently, 18 U.S.C. § 3584(a) requires that the BOP run the sentences consecutively.

Briefly, to the degree petitioner can be understood to argue the result should have been different pursuant to, or in light of, § 5G1.3 of the United States Sentencing Guidelines, he cannot be heard. "The applicability of a Guidelines provision is a question for the sentencing court." United States v. Drake, 49 F.3d 1438, 1440 (9th Cir. 1995). As such, application of Section 5G1.3 is a matter for the sentencing court, not the BOP, to decide. See id. Accordingly, petitioner's challenge would be to the imposition of his sentence, rather than the manner in which his sentence is currently being executed. A request for this type of habeas relief must be made to the sentencing court, not to the court in the district in which petitioner is incarcerated. See Hernandez v. Campbell, 204 F.3d at 864 ("motions to contest the legality of a sentence must be filed under [28 U.S.C.] § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to [28 U.S.C.] § 2241 in the custodial court"). Thus, any request to modify the sentence must be made in the *sentencing* court, i.e., the Northern District of California, as this court is the *custodial* court.

In sum, petitioner has not shown that the execution of his sentence is contrary to established federal law, violated the Constitution, exceeded statutory authority, or is otherwise illegal. Therefore, the motion should be denied.

Lastly, the undersigned notes that because petitioner is in federal custody and seeks habeas relief under 28 U.S.C. § 2241, the court need not consider whether to issue a certificate of appealability. See Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition. … Nor is there any other statutory basis for imposing a COA requirement on legitimate § 2241 petitions. Although state prisoners proceeding under § 2241 must obtain a COA, see § 2253(c)(1)(A), there is no parallel requirement for federal prisoners").

//

//

//

V. <u>Conclusion</u>

IT IS HEREBY RECOMMENDED that:

Petitioner's August 22, 2017, petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 12, 2019

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/morf1737.257